
5bu 660
e127 585

CASE 72—PETITION—OCTOBER 5.

# Board of Trustees of Falmouth vs. Watson.

### APPEAL FROM PENDLETON CIRCUIT COURT.

Authority, conferred on the trustees of a town by act of the Legislature, to exact the payment of not more than three hundred dollars from any person selling spirituous liquors by retail within one mile of the town, is a police regulation, and is not unconstitutional.

But it would be unconstitutional if it was a simple tax for local municipal purposes alone.

W. T. Perrin and
C. H. Lee,                                          For Appellants,
     CITED—
 *Act of Jan.*, 1867, *to amend several acts incorporating town of Falmouth.*
 *Session Acts*, 1867, *vol.* 1, *pp.* 211, 217, *sec.* 7.

Deaderick & Clarke,                                 For Appellee,
     CITED—
 15 *B. Mon.*, 498, 499; *Southgate vs. City of Covington.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellee applied to and obtained from the board of trustees of the town of Falmouth a license to keep a tavern, with the privilege of vending ardent spirits by the drink, within one mile of the corporate limits of said town; and for the privileges thus obtained he executed his promissory note, payable to the treasurer of said board, for one hundred dollars, which was the foundation of this action.

The defense relied on was, that the note was without consideration, the trustees of the town having no power to grant the license stipulated for in the note.

The plaintiffs filed a demurrer to the answer, which being considered by the court, was sustained to the petition, which disclosed the facts; and the plaintiffs failing to plead further, the action was dismissed; and they have appealed to this court.

By the seventh section of the " act to amend the several acts incorporating the town of Falmouth," approved January 31, 1867, it is provided, " that said board of trustees shall have power, and the exclusive control and right, to grant licenses for the sale by retail of all spirituous, vinous, or malt liquors within said town, or within one mile of said town ; and no person shall have the right to sell spirituous, vinous, or malt liquors in said town, or within one mile thereof, without first obtaining a permit or license from said trustees, any law or statute to the contrary notwithstanding.   They shall have the power to tax all taverns, tippling-houses, and merchant's licenses, not exceeding three hundred dollars, and all ale and beer saloons, not exceeding one hundred dollars: *Provided*, That nothing in this act shall excuse said persons from paying the tax to the State, and obtaining their license from the county court, and executing bond as now required by law."

It is insisted, however, for the appellee, that the power which this enactment purports to confer on the trustees of the town, to exact a license fee for the privilege of keeping a tavern and vending ardent spirits outside of, although near the town limits, is within the interdiction of the 14th section of article 13 of the State Constitution, viz: " Nor shall any man's property be taken or applied to public use, without the consent of his

representatives, and without just compensation being previously made to him."

Had the exercise of the power complained .of been the imposition of an ordinary tax merely on the property of the appellee, situated without the corporate limits of the town, for municipal purposes, we should not doubt the correctness of the objection; or even if the exaction of the sum in controversy, in consideration of a trade license, had been made for local revenue purposes alone, though not in the usual form of taxation, we should regard it as within the constitutional prohibition; for, the Legislature could not delegate to the corporation the right to either license for compensation, or tax a privilege to be enjoyed beyond its limits, except as a police regulation, having reference to the comfort, safety, or welfare of society within its local jurisdiction. (*Cooley's Constitutional Limitations*, 577.)

But in our opinion, the exaction of a fee of $100 for the privilege of vending ardent spirits in such proximity to the town as to render its exercise liable to effect the good order or peace of the local community, .did not infringe any constitutional right of the appellee. The privilege granted to him was one which public policy requires should be subjected to such legal restraints and regulations as will, as far as practicable, prevent its abuse to the detriment of society. The Legislature, having the general power to do this, properly delegated that power to the local government of the community immediately interested. The authority so conferred on the trustees does not appear to have been abused by an excessive or unreasonable exaction; and the rights of the appellee were certainly not invaded by a compulsory one.

It seems to us, therefore, that the court erred in sustaining the demurrer .to the petition, instead of the answer.

Wherefore, the judgment is reversed, and the cause remanded, with directions to sustain the demurrer to the answer of the defendant, and for further proceedings not .inconsistent with this opinion.