CHIEF JUSTICE ROBERTSON
delivered the opinion op the court.
The charter of the city of Frankfort delegates to its council authority to levy ad valorem taxation on the real and personal estate of its citizens for local revenue, and also to make by-laws for their comfort and security consistent with the constitution and laws of the state.
A penal ordinance for security against pestilent dogs not seeming, on trial, sufficient for the end, the council adopted the following supplemental provision: “ That all persons own *487 ing or controlling dogs within the city of Frankfort are hereby required annually, on the 10th day of April, to apply to the city clerk to register, and procure a brass collar, duly stamped, for each dog, and pay to the clerk at the time of registry a tax of two dollars for every dog so owned and registered; which tax the clerk shall pay into the city treasury. Any person failing to comply with the provisions of this ordinance shall, on conviction before the police judge, be fined the sum of five dollars for each day of failure and for each dog owned or controlled by him not registered as aforesaid. The marshal or any police officer shall forthwith kill any dog found upon: the streets without such collar so procured from the city clerk”
On an appeal from a judgment by the police court fining the appellee ninety dollars for a violation of this ordinance, the circuit court dismissed the prosecution on the presumed ground that the imposition of the two dollars was a tax for revenue, and not being ad valorem was unauthorized by the charter. But though called a tax, yet it is in our opinion not a revenue levy in either purpose or operation. It was obviously intended as a police regulation for reducing the number of mischievous dogs, getting clear of the worthless,' and securing the owners of the most valuable and harmless against unauthorized and wanton destruction; and thus interpreted the ordinance is a license law, two dollars the price of the license or “tax” for the privilege, and the collar and stamp are passports for the security of registered dogs.
Presuming that the owners of worthless or pestilent dogs would not pay such a tax for such a license, the expulsion or destruction of inferior or dangerous dogs, as well as protection ,to the useful class, was the constructive aim of this enactment by the council. The purpose was sanitary and not fiscal. How far the end may be accomplished by the means prescribed is for the municipality and not the judiciary to decide. And this court can not adjudge that because a more adaptable *488 expedient, molded in better form, might have been chosen, that which has been adopted was unauthorized.
Unless the sole object was revenue and not security, the authority of the council to enforce this ordinance for the comfort and safety of the city can not be consistently denied. And, independently of the spirit and context of the ordinance, the fact that the council must be presumed to have known that a specific tax for revenue would be void is itself almost conclusive proof of the conservative construction of the enactment.
Had revenue been the object, the charter gave ample power by an increase of taxation ad valorem, without a fruitless resort to an unauthorized specific tax on dogs, which moreover would have violated the statute of 1865, allowing to every citizen of the state two dogs free from taxation.
In the case of the Trustees of Falmouth v. Watson, 5 Bush, 660, this court sustained as a valid police regulation a bar on Watson for license to retail intoxicating liquors a mile from the town, whereby its peace was disturbed and its population demoralized; and in that case the fee for the license was called a tax and went into the local treasury, and the exaction for mere revenue would have been unlawful and void. A fortiori, the imposition called tax in this case should be sanctioned as a police measure authorized by the charter and consistent with the laws of the state.'
For the reasons suggested we do not feel permitted, by any allowable interpretation, to impute to the council any other or illegal purpose; and with this court power and not policy is the only question.
Wherefore the judgment of the circuit court is reversed, and the cause remanded for further proceedings.