# WHEELING.

### KAUFLE *v.* DELANEY.

Submitted January 21, 1885.—Decided March 21, 1885.

The provisions of section 1, chapter 141, Acts 1872-3, authorizing municipal corporations to impose a license-tax for the exercise of certain privileges outside and within one mile of their corporate limits, does not authorize the imposition of such tax for general municipal purposes, but only for the liquidation of bonds issued under the authority of said act.

The facts of the case are stated in the opinion of the Court.

*W. A. McCorkle* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE:

The county court of Kanawha county, on April 21, 1881, granted to Joseph Kaufle a State license to sell spirituous liquors, &c., from May 1, 1881 to April 30, 1882, at his saloon on Elk road in said county outside of the corporate limits of the city of Charleston but within one mile of said limits, he having previously obtained from its council the

consent of the said city to the granting of such license. Kaufle, having paid the State license-tax and given the bond required by the statute, proceeded to conduct the business permitted by said license. On May 27, 1881, the council of said city passed an ordinance, declaring that, no person, without a city-license therefor, should sell spirituous liquor, &c. outside and within one mile of the corporate limits of the city, and fixing the tax for such license at $50.00 per year. Kaufle was notified of said ordinance, but he denied its validity and continued his business without paying said tax.

On June 27, 1881, R. R. Delaney, mayor of said city, fined Kaufle $5.00 for violating said ordinance, and for refusing to pay said fine detained him in custody. Thereupon Kaufle filed his petition in the circuit court of Kanawha county, charging that he was illegally detained in custody and praying that he might be discharged by writ of *habeas corpus*.

The mayor appeared in court, and, the facts having been agreed, the court on July 15, 1881, decided that said ordinance was invalid and the arrest and detention of Kaufle thereunder illegal and discharged him. This writ of error was then obtained by said Delaney, mayor, &c.

The only question presented here is the validity of said ordinance.

It is not claimed, that there is anything either in the special charter of the city of Charleston—chapter 39, Acts 1875,—or in the general statute regulating licenses—chapter 107, Acts 1877,—authorizing such an ordinance and I can find none. But it is claimed that said ordinance is founded on and authorized by section 1, chapter 141, Acts 1872-3, which among other matters provides, that

"Every city, town and village, by its corporate authorities, in the exercise of its police and fiscal affairs, may impose a license tax for any privilege for the exercise of which the State imposes a license tax, and for the right to tax such privilege and for the purpose of enforcing the same, and such police regulations as may be prescribed for such city, town or village, the jurisdiction of every city, town or village shall extend one mile beyond the corporate limits of any such city, town or village as prescribed by the act of its incorporation."

There can be no question that the language here employed is sufficiently broad and comprehensive to authorize this ordinance; nor can there, it seems to me, be any doubt as to the power of the legislature to confer upon a city or town the authority to pass such an ordinance. *Langhorne* v. *Robinson*, 20 Grat. 661. But the serious enquiry here is, whether the power conferred by said language, taking the whole act together, is a general power authorizing such license-tax for all municipal purposes, or whether it is special and limited, authorizing such tax only to raise funds to pay liabilities created under said act.

It will be observed that the title of the act is, "An act authorizing municipal corporations to issue bonds," and that the entire subject of the body of the act, with the exception of the provision quoted, relates to the mode of issuing bonds and the manner of providing for their payment. While the title is comprehensive enough to warrant the provision for raising funds by license-tax or otherwise for the liquidation of such bonds, it seems to me, that to construe the act to authorize the city to pass an ordinance for collecting such a tax for general purposes would make it obnoxious to the provisions of section 30 of article 6 of our Constitution, which declares that, "No act hereafter passed, shall embrace more than one object, and that shall be expressed in the title."

This provision has been construed by this Court. And while it has been settled that that portion of it, which prohibits the legislature from embracing more than one object in the act, is merely directory, it is also settled that, if the same act embraces any independent object not expressed in its title, it is void as to such object. *Shields* v. *Bennett*, 8 W. Va. 74; *Jacob* v. *Slack*, *Id.* 612.

The object must be expressed in the title to make the act valid as to such object or provision. But when the principal object is expressed in the title, and the act embraces, with such principal object, details covering other auxiliary objects and provisions for giving effect to such principal object, the act, if not otherwise objectionable, will be valid not only as to the principal object but likewise as to the supplemental objects and provisions. The degree of relationship between the principal object and the auxiliary provisions is not ma-

terial if they legitimately tend to the accomplishment of the general purpose expressed in the title. *In re Mayer*, 50 N. Y. 504; Cooley on Const. Lim. 143.

But under the most favorable view of the subject, any provision of the act which is incongruous in itself, and which, by no fair intendment, can be considered as having a necessary or proper connection with the object expressed in the title, will be held unconstitutional and void. *People* v. *Mahoney*, 13 Mich. 495.

The provisions of this act above quoted, if limited to raising revenues for the payment of the principal or the interest of bonds authorized by the act, would under the established interpretation of said section 30 of article 6 of the constitution be valid, but they cannot be sustained if construed to authorize the raising of revenues for general municipal purposes. The power to tax for such purposes cannot by any fair intendment be considered as having a necessary or proper connection with, or relation to, the object expressed in the title. It is a subject independent of and foreign to the issuing of bonds by the corporation. Therefore, under the rule, that where a statute is susceptible of two constructions, one of which does and the other does not conflict with the constitution, the Court will adopt that interpretation which avoids such conflict and reject that which would render the statute inoperative, we must hold the said provisions of section 1 of chapter 141 of the Acts of 1872–3, did not authorize the city of Charleston to pass the said ordinance in the general form it did, and that the circuit court did not err in holding the arrest and detention of the said Kaufle under its provisions illegal.

The said city, in enforcing said statute, acts under a limited power and when it exercises that power it is incumbent on it to show affirmatively that it is acting within the prescribed limits of its authority. The ordinance to be valid should show by its terms that the tax is imposed to raise funds to pay either the principal or the interest on bonds issued under the provisions of said act.

Nor is there any evidence in this case to show for what purpose said license-tax was attempted to be collected. It was incumbent on the city to establish, as a condition of the

right to collect such tax, that it was imposed to liquidate bonds issued under said act.

For these reasons the judgment of the circuit court is affirmed.

AFFIRMED.