Lutz v. The City of Crawfordsville.

---

No. 13,595.

Lutz v. The City of Crawfordsville.

Statutes.—*Construction.*—*Legislative Intention.*—If the Legislature manifests an intention to create a system for the government of any subject, it is the duty of the court to effectuate that intention by such a construction as will make the system consistent in all its parts and uniform in its operation.

Lutz *v.* The City of Crawfordsville.

CITY.—*Intoxicating Liquor.*—*Regulation of Sale.*—*Power to Require License.*—*Jurisdiction Over Territory Beyond Corporate Limits.*—Under sections 3106 and 3154, R. S. 1881, an incorporated city has power, within its corporate limits and for two miles beyond, to regulate all places where intoxicating liquors are kept for sale to be used on the premises, and to require a license from all keepers of such places, as well those who have a license from the State or county as those who have not.

SAME.—*Power of Legislature to Prescribe Limits of Jurisdiction.*—The Legislature has power to designate the limits over which the jurisdiction of municipal corporations shall extend, and its judgment upon the question is conclusive.

SAME.—*License by Different Jurisdictions.*—The grant of a license by one jurisdiction does not affect the right of another jurisdiction to also exact a license fee, nor authorize the licensee to sell in violation of the law of the other.

From the Montgomery Circuit Court.

*J. R. Courtney,* for appellant.

*W. W. Thornton,* for appellee.

ELLIOTT, C. J.—The thirteenth subdivision of section 3106 of the statutes provides that a city shall have power " To regulate and license all inns, taverns, or other places used or kept for public entertainment; also all shops or other places kept for the sale of articles [liquors] to be used in and upon the premises."

Section 3154 provides that the common council shall have jurisdiction, among other things, " to exact license-money from all persons licensed to retail intoxicating liquors by county or State authority; and to regulate all places where intoxicating liquors are sold to be used on the premises," two miles beyond the city limits.

Section 5317 is as follows: " No city or incorporated town shall charge any person who may obtain a license under the provisions of this act more than the following sums for license to sell within their corporate limits: Cities may charge one hundred dollars and incorporated towns one hundred dollars, in addition to the sum provided for hereinbefore."

It is a familiar rule, that all the parts of a statute upon the same subject shall be construed together, and so construed as to produce consistency and harmony. If the Legislature manifests an intention to create a system for the government of any subject, it is the duty of the court to effectuate that intention by such a construction as will make the system consistent in all its parts, and uniform in its operation. It would violate all rules of logic, as well as settled principles of law, to dissect the system into parts and assign effect to each part irrespective of its effect upon the uniformity and consistency of the entire system. Statutes are to be construed as part of a uniform system, and such a scheme adopted as will give each part its appropriate place, and not destroy uniformity and harmony by cutting the system into disjointed and incongruous parts. *Humphries* v. *Davis*, 100 Ind. 274, see p. 284 (50 Am. R. 788); Bishop Written Laws, section 242*b*.

The system provided by sections 3106 and 3154 is, that an incorporated city shall have power within its corporate limits, and over a territory two miles beyond those limits, to regulate all shops or other places where intoxicating liquors are kept for sale for use on the premises, and to exact a license from persons keeping such shops.

This is the plain import of the language used, and the system intended to be created is clearly defined. It is not enacted that persons who sell without license shall be punished by the municipal authorities, but that license may be exacted from all persons who sell intoxicating liquor to be used on the premises, and " to regulate all places where intoxicating liquors are sold to be used on the premises." The general authority to regulate would undoubtedly carry the incidental authority to license, under the provisions of section 5317 ; but we are not left to depend on the force of the term " regulate," for, as the quotation just made clearly shows, section 3154 expressly gives the authority to exact a license from the keepers of shops for the sale of liquor to be

used on the premises. Nor is the authority dependent upon section 3154 alone, for section 3106 expressly confers authority "To regulate and license all inns, taverns, 'or other places' kept for the sale of liquors to be used in and upon the premises."

The manifest intention was to provide a uniform system for regulating shops where liquors are kept for sale to be used on the premises, and not to provide one system to be enforced inside the corporate boundaries, and another in the territory outside of those boundaries.

Section 5317 does not in any way impair the validity of our conclusion, for that section expressly gives authority to exact a license, but limits it to one hundred dollars. There is no conflict between the provisions of that section and the provisions of the act for the incorporation of cities, so that it in no wise disturbs the uniformity and consistency of the system constructed by the latter act.

We do not think that the act for the incorporation of cities can be construed as applying only to persons who have taken out licenses from the State or county, for it seems very clear to us that a person prosecuted under a city ordinance would not be heard to say that he could not be prosecuted because he had violated the law by refusing to take out a State or county license. It can not be possible that the Legislature meant to put the law-breaker on a better footing than the person who obeys the law. The only natural and reasonable construction of the statute is, that it was intended to invest the municipal authorities with power to regulate places where liquors are sold to be used on the premises, and to exact licenses from all keepers of such places.

The clear implication from the language of section 3154, even if detached from the other parts of the statute, is, that municipal corporations are invested with power to exact licenses from persons who have State or county licenses, as well as all other persons who keep shops for the sale of intoxicating liquor to be used on the premises.

The grant of authority to regulate is generally construed as conferring, as an incidental power, the authority to exact a license. *Smith* v. *City of Madison*, 7 Ind. 86; *City of Huntington* v. *Cheesbro*, 57 Ind. 74; *City of Lawrenceburg* v. *Wuest*, 16 Ind. 337; *State* v. *Clarke*, 54 Mo. 17 (14 Am. R. 471); *State* v. *DeBar*, 58 Mo. 395.

But we are not left to implication here, for the power to exact a license is expressly conferred, and it is not confined to those who have obtained a license from the State or county. It is not so restricted by the words employed, nor is it a necessary implication; on the contrary, as we have already shown, such an implication would lead to an evil result, which, it is easy to see, was never intended by the Legislature.

The Legislature has power to determine what the territorial jurisdiction of the political subdivisions of the State shall be. Judge Dillon says: " With the exception of certain constitutional limitations presently to be noticed, the power of the Legislature over such corporations is supreme and transcendent: it may erect, change, divide, and even abolish them, at pleasure, as it deems the public good to require." 1 Dillon Munic. Corp. (3d ed.), section 54. It is certainly within the power of the Legislature to declare that no unlicensed dram-shop shall be kept within a designated number of feet of the corporate limits; otherwise all that need be done to evade the law would be, to keep a foot or two beyond the corporate boundaries. If the Legislature has any power at all to designate limits over which the jurisdiction of municipal corporations shall extend, then, necessarily, the subject must be within its discretion, and if this be so, its judgment upon the question must be conclusive.

Limitations upon the legislative power are to be sought for in the Constitution, and if not found there they do not exist. *Eastman* v. *State*, ante, p. 278; *Robinson* v. *Schenck*, 102 Ind. 307; *Hedderich* v. *State*, 101 Ind. 564 (51 Am. R. 768). There is nothing in the Constitution prohibiting the Legislature from fixing the jurisdiction of municipal corporations,

Lutz v. The City of Crawfordsville.

and the judiciary can not supplant the judgment of the Legislature with its own.

The licensing of a shop in which to sell intoxicating liquors, by a municipal corporation, does not, of course, authorize the licensee to sell without a license from the State or county, or from the Federal government. A license is a restriction upon the traffic, and the grant of a license by one jurisdiction does not authorize the person to whom it is granted to violate the law of another jurisdiction. In imposing one restriction there is neither an express nor an implied undertaking that no other jurisdiction shall refrain from imposing a restriction, in the form of a license, upon those engaged in selling intoxicating liquors. Thus, it is well settled, that a grant of a license by the United States does not interfere with the right of the State to restrict the traffic by exacting a license fee or by imposing other restrictions. This principle has been applied to a case like the present by this court. *McKinney* v. *Town of Salem*, 77 Ind. 213.

The power to exact a license is a police power vested in the sovereign and may be delegated to instrumentalities of government such as municipal corporations are. The purpose of exacting license is to limit and regulate the business, for, if licenses were not required, all persons might, under the rules of the common law, freely engage in the business, but, by imposing a restriction in the form of a license, the traffic is regulated and limited. The principle upon which the power rests is a very ancient one, and is the same as that which for hundreds of years has sustained the right to restrict the business of hawking and peddling by exacting licenses. *Hedderich* v. *State, supra.*

Judgment affirmed.

Filed Feb. 16, 1887.