THE STATE OF KANSAS, *ex rel. H. J. Humphrey, County Attorney,* v. W. J. FRANKLIN.

POLICE POWER, *Extent of, Outside of Corporate Limits.* Under § 61, chapter 19, Compiled Laws of 1885, the police power of the city can only be extended outside of the corporate limits and within five miles therefrom, over such lands as are necessary for hospital purposes and water works; and over these only to the same extent as over public cemeteries. It is not granted over land outside the city limits not used for such purposes as are designated in express terms by the law governing cities of the second class.

### Original Proceeding in Mandamus.

PETITION filed in this court on June 15, 1887. The opinion herein, filed at the session of the court in December, 1888, states the material facts.

*H. J. Humphrey,* county attorney, for The State; *Thomas Dever,* of counsel.

*J. R. McClure,* for defendant.

Opinion by SIMPSON, C.: This is an original action in mandamus, commenced in this court, to compel W. J. Franklin, police judge of the city of Junction City, Davis county, a city of the second class, to receive and file, and issue a warrant upon a complaint, charging one Thomas Dixon with being the owner and keeper and occupant of certain premises situate within two miles of the corporate limits of said city, to wit, the stock yard known as "Dixon's stock yard," situate near the east end of Sixth street of the city, the said stock yard being an inclosure in which cattle and hogs are kept and fed; and that he did then and there suffer, permit and allow said stock yard to become unclean and offensive, so as to affect the health and comfort of the inhabitants of said city, being and residing within said city. The defendant voluntarily appeared, and waived all process and defects in the pleadings, and admitted all the allegations in the petition to be true, saving and excepting the power claimed in the petition, that cities of the

second class have power to enact ordinances extending the police jurisdiction of said cities over nuisances being and existing outside of such cities, and denying the power of the police judge to try persons for acts done outside of the corporate limits.

There can be no question but that the legislature has conferred upon cities of the second class power to enact ordinances to preserve "the health of the inhabitants of the city." Section 61, chapter 19, Comp. Laws of 1885, expressly provides:

"The council may purchase or condemn, and hold for the city, within or outside the city limits, within five miles therefrom, all necessary lands for hospital purposes and water works, and erect, establish and regulate hospitals, work-houses and poor-houses, and provide for the government and support of the same, and make regulations to secure the general health of the city, and to prevent and remove nuisances, and to provide the city with water: *Provided*, That the police jurisdiction of the city shall extend over such lands and property to the same extent as over public cemeteries."

The precise contention here is, that the police judge has power to hear and determine a complaint for maintaining a nuisance outside of the city limits, that is not alleged to be situate on "such lands." The words "such lands" as used in the section quoted, evidently refer to all necessary lands for hospital purposes and water works. The relator assumes the bold position that the city authorities have the right, under this section of the act governing cities of the second class, to suppress any nuisance affecting the health of the people of the city situate within five miles of its corporate limits. It seems very clear to us, that the only extension of the police power of the city that is conferred by that section, either in express terms or by fair implication, is over the lands necessary for hospital purposes and water works, and that by no known rule of construction can it be enlarged so that the police power of the city can be exercised within five miles from the corporate limits of the city in every direction. It must be confined to the land necessary for the enumerated purposes, and then

be exercised to the same extent as over public cemeteries. Section 74, ch. 19, Comp. Laws of 1885, provides that—

"The council may pass rules and ordinances imposing fines and penalties not exceeding one hundred dollars, regulating, protecting and governing the cemetery, the owners of lots therein, visitors thereof, and punishing trespassers therein."

This section confines the power over the cemetery itself in express terms, and these powers may be exercised with reference to the lands necessary for hospital purposes and water works. The petition for the peremptory writ, and the complaint recited therein, failing to show that the nuisance complained of is within the city, or situate on the lands of the city necessary for hospital purposes or water works, it is recommended that the writ be denied.

By the Court: It is so ordered; and the costs are taxed against the relator.

All the Justices concurring.