## CHARLESTON.

FLACK *v.* FRY, *Mayor.*

*(GREEN, JUDGE, Absent.)

Submitted January 24, 1889.—Decided March 7, 1889.

1. MUNICIPAL CORPORATIONS—ORDINANCES—HABEAS CORPUS.

F was arrested in June, 1887, and brought before the Mayor of the city of Charleston for a violation of one of the city-ordinances in selling beer without license within one mile from the corporation-limits, was tried and convicted by the mayor and fined $50.00 and costs, and was committed to the street-commissioner, to work out his fine. It appears, that the warrant for his arrest was issued by the recorder, but it does not appear, whether he was arrested within or beyond the city-limits. F. petitioned for and obtained from the Circuit Court of Kanawha county a writ of *habeas corpus.* The return made by the mayor to said writ discloses the facts above stated and also alleges, that F. had violated said ordinance. F. demurred to said return, and upon the hearing the Circuit Court dismissed said writ with costs. HELD:

I. The mayor of the city of Charleston had jurisdiction to hear and determine said cause.

II. Under the facts disclosed the Circuit Court acted properly in overruling said demurrer and dismissing said writ of *habeas corpus.*

---

*On account of illness.

*J. W. Malcolm* for plaintiff in error.

*W. S. Laidley* for defendant in error.

ENGLISH, JUDGE:

On the 23d day of June, 1887, one William Flack presented his petition in the Circuit Court of Kanawha county praying a writ of *habeas corpus* be directed to one Foley, one of the policemen of the city of Charleston, commanding him to have the body of petitioner before said court at a time and place to be stated therein, together with the day and cause of his caption and detention, in order that justice might be done in the premises, and petitioner restored to liberty; setting forth in his petition that he was on the ———— day of June, 1887, arrested on a warrant issued by Joseph L. Fry, mayor of the city of Charleston, by the police of said city, which warrant charged petitioner with selling whiskey without having first obtained a license therefor from the city council of said city of Charleston; that petitioner lives outside of the corporate limits of said city and is deprived of the privilege of free schools, the protection of the police, and in fact of all privileges and protection conferred by the city of Charleston upon the citizens thereof; and that notwithstanding these facts he is detained and held in custody by said authorities under and by virtue of an alleged judgment rendered as aforesaid by the said mayor of the city of Charleston for an alleged disobedience by petitioner of an ordinance of said city of Charleston, which provides, that the jurisdiction of said city shall extend one mile beyond the corporate limits of the same. Petitioner further represented, that he was a citizen of Charleston district of Kanawha county, and resided out of said corporate limits of said city of Charleston, and as such was not subject to be ordered and controlled by the process of said mayor's court in respect of the matters alleged against him; and further that there was no law, which authorized the mayor to issue a warrant of arrest against petitioner, cause him to be arrested and brought into the jurisdiction of the city, and to try and convict said petitioner as said mayor did, and that any ordinance of said city based upon any statute, which seems to give authority to said city to go out of the corporate limits of said city

and interfere with citizens out of said corporation as aforesaid, is unconstitutional and void.

Joseph L. Fry, mayor of the city of Charleston, answered said petition stating, that he was the mayor of said city, and in obedience to said writ he produced the body of William Flack, and that as such mayor he was invested with all the rights, powers and duties conferred upon him by the several acts of the Legislature of West Virginia pertaining to the city of Charleston and to municipal corporations in general; that the city of Charleston has police jurisdiction for one mile beyond the corporate limits of the city, and to carry out this police jurisdiction the common-council has power to adopt all needed ordinances and by-laws not contrary to the laws of the state; and that in pursuance of said authority the common-council of said city had theretofore adopted an ordinance entitled: "An ordinance relating to the city license," setting the same forth *in extenso* in his answer. Section 1 of said ordinance provides: "that no person without first having obtained a city license therefor shall sell, offer or expose for sale spirituous liquors, beer *etc.* within the city-limits or within one mile thereof either on land or on the Kanawha or Elk rivers," *etc.* Section 11 of said ordinance provides; that any person violating the first section shall in addition to the other penalties prescribed for sales or gifts of spirituous liquors, *etc.* in violation of the prohibitions mentioned in the bond required in section 6, be fined not less than $20.00 nor more than $100.00 with costs.

Said Joseph L. Fry further stated by way of answer, that the said William Flack on May 29, 1887, violated said ordinance and did sell beer within one mile of the city-limits, and complaint was duly made to respondent as mayor of said city on the 1st day of June, 1887, that said Flack was violating said first section of said ordinance, and on that day a warrant was issued for said Flack based on said complaint, and he was duly arrested and brought before respondent for trial for infraction of said ordinance; and on the 10th of June said Flack was tried and convicted upon said charge and was fined $50.00 and costs, which failing to pay he was committed to the street-commissioner of the city of Charleston to work out said

fine; and respondent filed with his answer copies of the complaint, warrant and testimony produced by the city of Charleston in support of said cause; and on the filing of said answer the petitioner, William Flack, demurred to said answer, in which demurrer the respondent joined, and, the matters of law arising upon said demurrer to said answer having been argued by counsel and considered by the court, the court overruled said demurrer, and said writ of *habeas corpus* was dismissed with costs.

From this order of the Circuit Court a writ of error was awarded to said William Flack to this Court; and the plaintiff in error assigned as error, that the Circuit Court erred in overruling the demurrer; that the return to the writ of *habeas corpus* together with the records and proofs filed therewith in the proceedings, under which said Flack was arrested, tried, fined and held in custody by said mayor, clearly showed, that the said mayor had no jurisdiction in the premises, and that his proceedings were null and void.

The offence, with which the plaintiff in error was charged was a violation of section 1 of the ordinances of the city of Charleston relating to license in selling beer without license out of the city-limits and within a mile thereof, which section provides, that no person without having first regularly obtained a city-license therefor shall sell beer *etc.* within the city-limits or within one mile thereof.

The Code, c. 47, s. 33, provides, that no license to sell beer *etc.* within such town or village or within one mile of the corporate limits thereof, unless it be within another city or town, shall be authorized or granted, except as provided in chapter 32 of the Code; that is, on application to the County Court. Section 1 of said chapter 47 provides, that the municipal authorities of a city, town, or village heretofore established, other than the city of Wheeling, may exercise all the powers conferred by this chapter, and, so far as powers are conferred on a city, town or village not conferred by the charter of any such city, town, or village, the same shall be deemed an amendment to said charter. This provision from section 33 would constitute an amendment to the charter of the city of Charleston, and would cause the charter of said city to expressly forbid the sale of beer *etc.* within one

mile of the corporation limits, unless the party so selling was licensed by the County Court. Section 1, then, of said ordinance of the city of Charleston would be in pursuance of the express provisions of the charter of said city; and by section 31 of the charter of said city (chapter 39, Acts 1875) it is made the duty of the mayor of said city to take care, that all by-laws, ordinances and orders of the council are faithfully executed. Under the fourth clause of section 1, p. 1000, of the Code it is provided, that every city, town and village by its corporate authorities in the exercise of its police force and fiscal affairs may impose a license-tax for any privilege, for the exercise of which the state imposes a license-tax, and for the right to tax such privilege and for the purpose of enforcing the same and such police regulations, as may be prescribed for such city, town or village the jurisdiction of every city, town or village shall extend one mile beyond the corporate limits of any such city, town or village as prescribed by the act of its incorporation.

This statute was in force at the time the case of *Kaufle v. Delaney*, 25 W. Va. 410, was before this Court, in which it was held, that the section, from which the above quotations was taken authorizing municipal corporations to impose a license-tax for the exercise of certain privileges out of and within one mile of their corporate limits, does not authorize the imposition of such tax for general municipal purposes, but only for the liquidation of bonds issued under the authority of said act. Subsequent to that decision however and before the arrest of the plaintiff in error the council of the city of Charleston passed the following ordinance, to wit: "The sergeant is hereby instructed, whenever he collects any license-tax on any business carried on outside of the limits of the city to pay the same over to the treasurer of the city to the credit of the consolidated sinking fund, and the city treasurer is hereby instructed to place to the credit of said fund any moneys so paid to him by the sergeant; said tax being imposed and collected solely for the purpose of discharging the bonds of the city." This, then, would remove the objection raised by the plaintiff in error in his assignment of errors, and would also remove the only objection which seems to have occurred to the court at the time

*Kaufle* v. *Delaney, supra,* was decided, in the way of the collection of license-tax from parties out of the city limits and within one mile thereof. It does not therefore seem to me, that the city authorities in making the arrest of the plaintiff in error under the circumstances of this case and in proceeding to hear and determine the charges against him exceeded their jurisdiction or acted *ultra vires,* as section 11 of said ordinance provides, that any person violating the first section in addition to the other penalties prescribed for sales or gifts of spirituous liquors, beer *etc.* in violation of the provisions mentioned in the bond required in section 6, shall be fined not less than $20.00 or more than $100.00 with costs.

It is however assigned as additional error in the proceeding, that the Circuit Court erred in overruling the demurrer of said plaintiff in error, because it appeared by the answer to said writ, that the warrant was issued by the recorder, who had no authority to issue and sign warrants. Code c. 47, s. 40, which must be regarded as amending the charter of said city, provides, that in the absence from the city, town or village, or in the sickness of the mayor, during any vacancy in the office of the mayor the recorder shall perform the duties of the mayor and be invested with all his powers. This Court will presume, that one of these circumstances occurred, and that the recorder acted in the line of his duty in issuing said warrant, if indeed he issued it.

Said answer is to be taken as true upon demurrer, and it states, that said Flack was violating the first section of said ordinance by selling beer, and complaint was made to the mayor of said city on the 1st of June, 1887, and on said complaint he was duly arrested and brought before the mayor for trial, and on the 10th day of June the mayor tried him and convicted him upon said charge and fined him $50.00 and costs. It does not appear where he was arrested.

Under this state of facts I am of opinion, that the demurrer was properly overruled, and the judgment of the Circuit Court must be affirmed, and the plaintiff in error must pay the costs of the writ of error and of the court below.

AFFIRMED.