No. 14,826.

EMERICH v. THE CITY OF INDIANAPOLIS.

INTOXICATING LIQUOR.—*Municipal Corporation.—Jurisdiction of.—Special Tax.*—The Legislature may empower municipal corporations to lay a special tax upon persons engaged in selling intoxicating liquors, and it may also determine over what territory the jurisdiction of such corporations shall extend.

SAME.—*Restriction of Business.—Municipal Protection.*—The object of this class of legislation is to restrict the business of liquor-selling, and not to secure to the venders the protection of the municipal government, and therefore one is not exempted from the payment of the special tax because his place of business is outside of the corporate limits.

SAME.—*Proximity of Business to both Town and City.*—The fact that the vender's place of business is within two miles of both a town and a city does not impair the right of the latter to exact a license fee, as its jurisdiction extends so far, while that of the town does not.

From the Marion Superior Court.

*J. M. Cropsey, F. M. Wright* and *E. Marshall,* for appellant.
*H. E. Smith,* for appellee.

ELLIOTT, C. J.—The appellant was convicted of violating an ordinance of the city of Indianapolis by selling intoxicating liquor without having obtained a license from the municipal authorities. In the superior court, to which the case went by appeal from the mayor's court, an answer was filed by the appellant wherein it is alleged that his place of business is outside of the corporate limits of the city, but within two miles thereof; that it is in the township of Wayne and within two miles of the corporate limits of the town of Haughville; that he is a resident of Wayne township, and not of the township of Center, in which the city of Indianapolis is situated.

It is now established law that the Legislature has power to impose restrictions upon the sale of intoxicating liquors, and to empower municipal corporations to lay a special

license tax upon persons engaged in the business of dram-selling. *Lutz* v. *City of Crawfordsville,* 109 Ind. 466, and cases cited; *City of Frankfort* v. *Aughe,* 114 Ind. 77; *Vinson* v. *Town of Monticello, ante,* p. 103; *Wagner* v. *Town of Garrett, ante,* p. 114. The Legislature has the power, as was demonstrated in *Lutz* v. *City of Crawfordsville, supra,* to determine over what territory the jurisdiction of a municipal corporation shall extend.

We are referred to the case of *Metropolitan Police Board* v. *Board, etc.,* 13 West. R. 487, as an authority against the right of municipal corporations to impose restrictions upon persons outside of the corporate limits engaged in the business of selling liquor, but we do not regard the decision in that case as in point. Liquor-sellers are subjected to the payment of a special tax, because the object of this class of legislation is to restrict the business, and not because its object is to secure to the liquor-sellers the benefit or protection of the municipal government. The liquor-seller is compelled to pay a special tax, in the form of a license fee, in order that the business may be restricted to fewer persons, and not be open, like other pursuits, to every one without the payment of any special tax. The theory of the legislation upon this subject is, that the business is one which requires restraint because it is harmful to society, and a license fee is exacted for the purpose of restricting the business, and not for the purpose of increasing the traffic. *Hedderich* v. *State,* 101 Ind. 564; *Lutz* v. *City of Crawfordsville, supra.* The law in exacting a license fee does not grant a privilege that did not before exist, but, on the contrary, lays a special tax upon a pursuit which, but for the statute, might be followed without paying any special tax. There is, therefore, no just reason for affirming that a person who can secure no benefit from the municipal government should be exempt from the special tax imposed upon those who engage in the business of selling liquor.

The fact that the appellant's place of business is within

two miles of the town of Haughville does not impair the right of the city of Indianapolis to require him to pay a license fee. If the jurisdiction of the town extended to his place of business a different question would be presented, but it does not. The jurisdiction of the city of Indianapolis does extend over it, and the ordinance is, therefore, not ineffective.

Judgment affirmed, with ten per cent. damages.

