## JORDAN v. CITY OF EVANSVILLE.

[No. 20,310.    Filed November 29, 1904.]

INTOXICATING LIQUORS.—*License.—Delegation of Police Power to Municipality.*—The legislature of the state has the power to delegate to municipal corporations the right to exercise police powers beyond their corporate limits. *p. 513.*

SAME.—*Right to Sell.—Police Power.*—The legislature has the right in the exercise of the police power to restrain or prohibit the traffic in intoxicating liquor. *p. 515.*

SAME.—The right to sell intoxicating liquor is not one of the privileges and immunities of citizens of the United States which the fourteenth amendment of the Constitution of the United States forbids the States to abridge. *p. 515.*

SAME.—*Power of State to Delegate Authority to License.*—A statute delegating power to a municipal corporation to license the sale of intoxicating liquors within a certain distance of its corporate limits does not violate §21, article 1, of the state Constitution, providing that "no man's property shall be taken without just compensation," nor §23, article 1, providing for equal privileges to all citizens. *p. 518.*

From Vanderburgh Circuit Court; *L. O. Rasch,* Judge.

Action by the city of Evansville against Fred L. Jordan to recover a penalty for the violation of an ordinance of such city requiring persons engaged in the sale of intoxicating liquors within four miles of the corporate limits of such city to take out a city license. From a judgment in favor of plaintiff for $50, defendant appeals. *Affirmed.*

*E. J. Crenshaw,* for appellant.

*A. W. Funkhouser,* for appellee.

MONKS, J.—This action was commenced in the police court of the city of Evansville against appellant to recover a penalty for the violation of an ordinance of the city requiring a license to retail intoxicating liquors within four miles of the corporate limits. A trial of said cause resulted in a finding and judgment in favor of appellee. From this judgment appellant appealed to the court below, where he was again convicted.

The statute authorizing appellee to pass the ordinance under which appellant was convicted reads as follows: "The common council shall have power to enact ordinances for the following purposes:  *  *·  *  To license, tax and regulate the selling or giving away of any spirituous, vinous or malt liquors and to tax, license and regulate places where such liquors, or either of them, are manufactured or stored, or where such liquors, or either of them, are to be used on the premises when given away, sold, stored or manufactured; but such licenses shall not exceed the amount provided by the laws of this State for other cities thereof. For the purpose of this section, jurisdiction is given such city for four miles from its corporate limits." §3927 Burns 1901.

Appellant insists that said section is in conflict with the fourteenth amendment to the Constitution of the United States, and with §21 and §23 of article 1 of the Constitution of this State. These are the only questions presented by this appeal. The validity of such a statute is not an open question in this State. In *Lutz* v. *City of Crawfordsville* (1887), 109 Ind. 466, the appellant was convicted on a charge of violating an ordinance requiring a license to retail intoxicating liquors within two miles of the limits of the city of Crawfordsville, and it was held that the legislature had the power to designate the limits over which the jurisdiction of the municipal corporations shall extend, and that its judgment upon the question is conclusive on the courts. The court said at page 470: "The legislature has power to determine what the territorial jurisdiction of the political subdivisions of the State shall be. Judge Dillon says: 'With the exception of certain constitutional limitations presently to be noticed, the power of the legislature over such corporations is supreme and transcendent. It may erect, change, divide and even abolish them, at pleasure, as it deems the public good to require.' 1 Dillon

Mun. Corp. (3d ed.), §54. It is certainly within the power of the legislature to declare that no unlicensed dramshop shall be kept within a designated number of feet of the corporate limits; otherwise all that need be done to evade the law would be to keep a foot or two beyond the corporate boundaries. If the legislature has any power at all to designate the limitations over which the jurisdiction of a municipal corporation shall extend, then, necessarily, the subject must be within its discretion, and if this be so, its judgment upon the question must be conclusive. Limitations upon the legislative power are to be sought for in the Constitution, and if not found there they do not exist. *Eastman* v. *State* [1887], 109 Ind. 278; *Robinson* v. *Schenck* [1885], 102 Ind. 307; *Hedderich* v. *State* [1885], 101 Ind. 564, 51 Am. Rep. 768. There is nothing in the Constitution prohibiting the legislature from fixing the jurisdiction of municipal corporations, and the judiciary can not supplant the judgment of the legislature with its own. * * * The power to exact a license is a police power vested in the sovereign and may be delegated to the instrumentality of government such as municipal corporations are. The purpose of exacting a license is to limit and regulate the business, for, if licenses were not required, all persons might, under the rules of the common law, freely engage in the business, but, by imposing a restriction in the form of a license, the traffic is regulated and limited. The principle upon which the power rests is a very ancient one, and is the same as that which for hundreds of years has sustained the right to restrict the business of hawking and peddling by exacting licenses."

In *Emerich* v. *City of Indianapolis* (1889), 118 Ind. 279, the same question was involved, and the court said at page 280: "The legislature has the power, as was demonstrated in *Lutz* v. *City of Crawfordsville* [1887], 109 Ind. 466, to determine over what territory the jurisdiction of a municipal corporation shall extend. * * * The law in

exacting a license fee does not grant a privilege that did not before exist, but, on the contrary, lays a special tax upon a pursuit which, but for the statute, might be followed without paying any special tax. There is, therefore, no just reason for affirming that a person who can secure no benefit from the municipal government should be exempt from the special tax imposed upon those who engage in the business of selling liquor." See, also, *Robb v. City of Indianapolis* (1871), 38 Ind. 49.

It has been held in other states that the legislatures thereof have the power to delegate to municipal corporations the right to exercise police power beyond and within a prescribed distance of the municipal limits. 20 Am. and Eng. Ency. Law (2d ed.), 1148; *Board, etc., v. Watson* (1869), 5 Bush (Ky.) 660; *Flack v. Fry* (1889), 32 W. Va. 364, 9 S. E. 240; *VanHook v. City of Selma* (1881), 70 Ala. 361, 45 Am. Rep. 85; *Chicago, etc., Provision Co. v. City of Chicago* (1878), 88 Ill. 221, 30 Am. Rep. 545; *State, ex rel., v. Franklin* (1888), 40 Kan. 410, 19 Pac. 801.

The power to regulate the liquor traffic is found in the police power of the State, and it should be remembered, in considering all statutes on that subject, that no one possesses an inalienable or constitutional right to keep a saloon for the sale of intoxicating liquors. "To sell intoxicating liquor at retail is not a natural right to pursue an ordinary calling." Black, Intox. Liq., §48; *Boomershine v. Uline* (1902), 159 Ind. 500, 503; *State v. Gerhardt* (1896), 145 Ind. 439, 462, 33 L. R. A. 313; *Sherlock v. Stuart* (1893), 96 Mich. 193, 55 N. W. 845, 21 L. R. A. 580; Cooley, Const. Lim. (7th ed.), 845-851.

Neither is the right to sell intoxicating liquors one of the privileges and immunities of citizens of the United States which the fourteenth amendment of the Constitution of the United States forbids the states to abridge. *Bartemeyer v. Iowa* (1873), 18 Wall. 129, 21 L. Ed. 929;

*Mugler* v. *Kansas* (1887), 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205; *Crowley* v. *Christensen* (1890), 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620; *Giozza* v. *Tiernan* (1892), 148 U. S. 657, 13 Sup. Ct. 721, 37 L. Ed. 599; *Farmville* v. *Walker* (1903), 101 Va. 323, 43 S. E. 558, 61 L. R. A. 125; *City of Danville* v. *Hatcher* (1903), 101 Va. 523, 526-531, 44 S. E. 723, and cases cited; Cooley, Const. Lim. (7th ed.), 845-851.

In the case of *Giozza* v. *Tiernan,* supra, involving the constitutionality of the laws regulating the sale of liquors in Texas, Mr. Chief Justice Fuller said at page 661: "But it is contended that the act conflicts with the provisions of the fourteenth amendment, that 'no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws.' The privileges and immunities of citizens of the United States are privileges and immunities arising out of the nature and essential character of the national government, and granted or secured by the Constitution of the United States, and the right to sell intoxicating liquors is not one of the rights growing out of such citizenship. *Bartemeyer* v. *Iowa* [1873], 18 Wall. 129. The amendment [fourteenth] does not take from the states their powers of police that were reserved at the time the original Constitution was adopted. Undoubtedly it forbids any arbitrary deprivation of life, liberty or property, and secures equal protection to all under like circumstances in the enjoyment of their rights; but it was not designed to interfere with the power of the State to protect the lives, liberty and property of its citizens, and to promote their health, morals, education and good order."

In *Crowley* v. *Christensen,* supra, at page 91, the Supreme Court of the United States, by Mr. Justice Field,

said: "The sale of such liquors in this way has therefore been, at all times, by the courts of every state, considered as the proper subject of legislative regulation.  *  *  * It is a question of public expediency and public morality and not of federal law.  The police power of the State is fully competent to regulate the business—to mitigate its evils or to suppress it entirely.  There is no inherent right in a citizen to thus sell intoxicating liquors by retail; it is not a privilege of a citizen of the State or of a citizen of the United States.  *  *  *  The manner and extent of regulation rest in the discretion of the governing authority.  *  *  *  It is a matter of legislative will only.  As in many other cases, the officers may not always exercise the power conferred upon them with wisdom or justice to the parties affected.  But that is a matter which does not affect the authority of the State, nor is it one which can be brought under the cognizance of the courts of the United States."

In *City of Danville* v. *Hatcher, supra,* the court, at page 527, said: "It is there said: 'That the regulation of the sale of intoxicating liquors is within the police power of the State is established, if not literally, by all the cases where the subject has been considered, certainly by an overwhelming array of authority.'  It has been repeatedly decided that the subject is wholly within the police power of the legislature, and that the traffic is not one of the privileges or immunities of citizenship guaranteed and protected by the United States Constitution or the fourteenth amendment thereto.  It may be entirely prohibited; and its regulation, when permitted is absolutely within the discretion of the several states.  These principles are sustained by the Supreme Court of the United States in a long line of decisions, rendered both before and after the adoption of the fourteenth amendment.  *Bartemeyer* v. *Iowa* [1873], 18 Wall. 129, 21 L. Ed. 929; *Beer Co.* v. *Massachusetts* [1877], 97 U. S. 25, 24 L. Ed. 909; *Mug-*

ler v. *Kansas* [1881], 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205; *Kidd* v. *Pearson* [1888], 128 U. S. 1, 9 Sup. Ct. 6, 32 L. Ed. 346; *Huckless* v. *Childrey* [1890], 135 U. S. 662, 10 Sup. Ct. 972, 34 L. Ed. 304; *Crowley* v. *Christensen* [1890], 137 U. S. 86, 11 Sup. Ct. 13, 34 L. Ed. 620; *Giozza* v. *Tiernan* [1893], 148 U. S. 657, 13 Sup. Ct. 721, 37 L. Ed. 599."

It is evident that the statute involved in this case is not in conflict with either the state or federal Constitution. The judgment of the court below is therefore affirmed.