THE STATE *ex rel.* TROLL V. HUDSON.

1. **Dramshop Licenses**: POLICE POWER: TAXING POWER. The license fee exacted by the general law regulating dramshops and the amendatory act of March 24th, 1883, (Sess. Acts 1883, p. 86, § 3,) is not a tax. It is a price paid for the privilege of carrying on a business which is detrimental to public morals and which the legislature, in the exercise of the police power, has the right to prohibit altogether· The act, therefore, is not void because it does not conform to the restrictions of sections 1, 3 and 10 of article 10 of the constitution in relation to the exercise of the taxing power.

2. ———: CITY OF ST. LOUIS. ` The act of 1883 is applicable to the city of St. Louis.

3. ———. Under the act of 1883 it is the duty of the municipal assembly of the city of St. Louis, and of the county courts of the

several counties to fix the amount of license fee to be charged under the act within the limits prescribed, and until such action is taken by the municipal assembly or the county court no collector has a right to issue a license to any person as a dramshop keeper.

*Mandamus.*

PEREMPTORY WRIT REFUSED.

This was an original proceeding in this court to compel the respondent, who was collector of the revenue in the city of St. Louis, to issue to the relator a license to keep a dramshop in said city.

An ordinance of the city enacted in 1881, had imposed a license fee of $60. On the 2nd day of July, 1883, the relator tendered this amount and demanded a license, but respondent refused to issue it on the ground that the act of the general assembly of March 24th, 1883, was in force in said city, and that under that act he could not accept a less fee than $250. Section 3 of the act is as follows:

" Upon every such license there shall be levied a tax not less than $25 nor more than $200 for State purposes, and not less than $250 nor more than $400 for county purposes, for every period of six months; the amount of tax in every instance to be determined by the court granting the license."

Relator denied the validity of this act on the ground that it conflicted with the following sections of article 10 of the State constitution of 1875:

Section 1. " The taxing power may be exercised by the general assembly for State purposes, and by counties and other municipal corporations, under authority granted to them by the general assembly for county and other corporate purposes."

Section 3. " Taxes may be levied and collected for public purposes only. They shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and all taxes shall be levied and collected by general laws."

Section 10. " The general assembly shall not impose taxes upon counties, cities, towns or other municipal corporations, or upon the inhabitants or property thereof, for county, city, town or other municipal purposes; but may, by general laws, vest in the corporate authorities thereof the power to assess and collect taxes for such purposes."

Relator insisted that the act violated sections 1 and 3, because the general assembly did not fix the tax for State purposes and make it uniform throughout the State, but only provided that it should be " not less than $25 nor more than $200," and left it to the local authorities in the several counties to fix it at any sum within those limits; also, that it violated sections 1 and 10, because instead of leaving it to the local authorities to fix the tax for county purposes the act fixed it between certain limits : " not less than $250 nor more than $400," and made it obligatory on the local authorities to levy and collect not less than $250 for county purposes on every license; also, that the act had no application to the city of St. Louis.

This proceeding was brought to test the questions thus raised.

*Louis Gottschalk* and *Smith & Krauthoff* for relator.

*Leverett Bell* for respondent.

PER CURIAM.—The State has the right, in the exercise of its police power, to prohibit the sale of intoxicating liq-

1. DRAMSHOP LICENSES: police power: taxing power.

uors without a license. *Austin v. State*, 10 Mo. 591; *State v. Lemp*, 16 Mo. 389; *State v. Searcy*, 20 Mo. 489. The license fee exacted by the general law regulating dramshops and the act amendatory thereof, approved March 24th, 1883, is not a tax within the meaning of sections 1, 3 and 10 of article 10 of the constitution, but is a price paid for the privilege of doing a thing, the doing of which the legislature has a right to prohibit altogether. Such laws are regarded " as police regulations, established by the legislature for the prevention of intem.-

perance, pauperism and crime, and for the abatement of nuisances," and are not regarded as an exercise of the taxing power. " Pursuits that are pernicious or detrimental to public morals may be prohibited altogether, or licensed for a compensation to the public." Cooley on Const. Lim., (4 Ed.) p. 727; *Burch v. Mayor, etc.*, 42 Ga. 598; *Bohler v. Schneider*, 49 Ga. 195 ; *Chilvers v. People*, 11 Mich. 43 ; *People v. Thurber*, 13 Ill. 554; *East St. Louis v. Trustees of Schools*, 102 Ill. 489 ; *s. c.*, 40 Am. Rep. 606 ; and cases cited ; *Henry v. State*, 26 Ark. 523; *loc. cit.* 525. It does not follow because the license fee is large, or because it may become a part of the public revenue that it is, therefore, a tax. *State v. Hipp*, 38 Ohio St. 225. Many fines, penalties and forfeitures become a part of the public revenue of the State that are not derived from taxation. The disposition made of the fund derived from the license fees does not necessarily determine the character of such fees. The legislature were evidently of opinion that the taxation of a large license fee would tend to diminish the number of saloons and improve the character of those licensed, and thereby secure to a greater degree compliance with all the regulations and restrictions which the law has thrown about such resorts. We are of opinion, therefore, that the act of March 24th, 1883, is not unconstitutional.

We are further of the opinion that section 5441, as amended by the act of March 24th, 1883, is applicable to the city of St. Louis. It was said by the court in the case of the *State ex rel. Attorney General v. McKee*, 69 Mo. 508, decided at the April term, 1879, that a general law with reference to the counties of the State would not apply to the city of St. Louis. But it is provided by section 3126 of the Revised Statutes, which took effect in November, 1879, that " whenever the word ' county ' is used in any law general in its character to the whole State, the same shall be construed to include the city of St. Louis, unless such construction be inconsistent with the evident intent of such law, or of some law specially

2. ——: city of St. Louis.

20—78

applicable to such city." We think it was the obvious purpose of the act of March 24th, 1883, to increase the license fee for the sale of intoxicating liquors throughout the State, and it is not, therefore, inconsistent with the evident intent of the act to declare it applicable to the city of St. Louis. Nor is such construction inconsistent with any law specially applicable to the city of St. Louis. The only law on that subject applicable to the city of St. Louis is its charter, which authorizes it to license, tax, regulate or suppress saloons, beer houses, tippling houses, dramshops, etc., but the charter does not fix the amount of the license fee to be required, and the law in question, which limits the amount thereof, is, therefore, not in conflict with the charter, but is consistent with and supplementary thereto. It follows that the ordinance passed in pursuance of the charter fixing the amount of the license fee at $60 is repealed by the act of 1883, which prescribes a limitation as to the amount to be charged in conflict with said ordinance.

We are further of opinion that under the act of 1883 it is the duty of the municipal assembly of the city of St. Louis, and of the county courts of the several counties in this State to fix the amount of license fee to be charged under said act within the limits prescribed, and until such action is taken by said municipal assembly, and said county courts, no collector has a right to issue a license to any person as a dramshop keeper. As it does not appear from the agreed statement on which this cause has been submitted, that the municipal assembly has ever fixed the amount of license fee to be charged in the city of St. Louis, the collector has no right to issue a license, and the peremptory writ of mandamus will, therefore, be refused.

Judges NORTON and SHERWOOD did not sit, being absent.