## MEYER, JOSSEN & CO. v. CITY OF MOBILE.

(Circuit Court, S. D. Alabama. July 5, 1906.)

### No. 247.

1. LICENSES—INTOXICATING LIQUORS—VALIDITY OF ORDINANCE—IMPOSING LICENSE TAX.

Unless it clearly appears upon the face of a city ordinance imposing a license tax upon the business of selling liquor that its purpose was to exact a tax and not to regulate the business, it should be sustained as within the police power of the city.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Licenses, § 6; vol. 36, Cent. Dig. Municipal Corporations, §§ 1368, 275.]

2. COMMERCE—INTERSTATE COMMERCE—INTOXICATING LIQUORS—MUNICIPAL LICENSE LAW—CONSTITUTIONALITY.

An ordinance of the city of Mobile imposing a license tax on dealers in beer held one enacted in the exercise of the police power conferred on the city by its charter and by virtue of the Wilson Act (Act Aug. 8, 1890, c. 728, 26 Stat. 313 [U. S. Comp. St. 1901, p. 3177]) not invalid as in violation of the interstate commerce clause of the federal Constitution as applied to the sale of beer in the bottles in which it was brought from other states.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Commerce, § 105.

Taxation of interstate commerce by states, see note to Board of Assessors v. Pullman's Palace Co., 8 C. C. A. 492.]

3. SAME.

Semble that articles of interstate commerce being subject to taxation by the state into which they are brought while there held for sale in the original packages, a city ordinance imposing a license tax on dealers in beer even if enacted under the city's power of taxation, and not as a police regulation, is valid as to beer brought from other states and sold in the original bottles, irrespective of the Wilson Act Aug. 8, 1890, c. 728, 26 Stat. 313 [U. S. Comp. St. 1901, p. 3177].

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Commerce, § 134.]

In Equity. On motion for preliminary injunction and demurrer to bill.

Richard W. Stoutz, for complainant.

B. B. Boone, for defendant.

TOULMIN, District Judge. The complainants challenge the validity of the ordinance enacted by the council of the city of Mobile imposing a license tax on dealers in beer. They decline to take a license from the city or to pay the annual license fixed by such ordinance, and they file this bill praying that the city and its officers be enjoined and restrained from enforcing it. The bill charges that the ordinance is invalid as against the complainants, and that the city is without authority to enforce such ordinance against them because it conflicts with the interstate commerce clause of the Constitution of the United States; that the said ordinance seeks only to raise revenue and not to regulate the complainants' business; and that it imposes a tax for revenue, and is not passed in the exercise of the police power of the city. As I view the case made by the bill, it is conceded that,

under the decisions of the Supreme Court, prior to August 8, 1890, when the Wilson Act was enacted (Act Aug. 8, 1890, c. 728, 26 St. 313 [U. S. Comp. St. 1901, p. 3177]) the contention of comlainants would be sustained. That court decided that a state statute prohibiting the sale of intoxicating liquors, except for designated purposes or under a license, was, as applied to a sale by an importer in the original packages of liquors manufactured and brought in from another state, in violation of the interstate commerce clause of the Constitution of the United States. Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. 681, 34 L. Ed. 128; Lyng v. Mich., 135 U. S. 161, 10 Sup. Ct. 725, 34 L. Ed. 150. The rule then was that an importer of intoxicating liquors into any state from any other state could by himself or agents, sell such liquors, so long as they remain in the unbroken packages in which they existed during their transportation, without regard to the laws of the state into which such liquors were imported. In the case of Vance v. Vandercook Co., 170 U. S. 438, 18 Sup. Ct. 674, 42 L. Ed. 1100, the Supreme Court said: "The settled doctrine is that the power to ship merchandise from one state into another carries with it as an incident the right in the receiver of the goods to sell them in the original packages, any state regulation to the contrary notwithstanding. * * *. The proposition, however, while generally true, is no longer applicable to intoxicating liquors since Congress, in the exercise of its lawful authority, has recognized the power of the several states to control the incidental right of sale in the original packages of intoxicating liquors shipped into one state from another, so as to enable the states to prevent the exercise by the receiver of the accessory right of selling intoxicating liquors in the original packages except in conformity to the lawful state regulations. A state law which provides equal regulations for the inspection and sale of domestic and imported liquors is valid as a lawful exercise of the police power. Scott v. Donald, 165 U. S. 58, 17 Sup. Ct. 265, 41 L. Ed. 632; Minn. Brew'g Co. v. McGillivray (C. C.) 104 Fed. 258.

The plain purpose of the act of Congress referred to was to allow state regulations to operate upon the sale of original packages of intoxicants coming from other states. It permits the state laws to attach to, and control, the sale in case the states absolutely forbid the sale of liquor, and it applies as well in case the states determine to restrict or regulate the same. Vance v. Vandercook Co., supra. The Wilson law permits the police laws of a state to be applied to liquors which have been shipped into such state as an article of interstate commerce after such liquors have reached the end of the shipment, and have been delivered to the consignee. In re Bergen (C. C.) 115 Fed. 340; Rhodes v. Iowa, 170 U. S. 412, 18 Sup. Ct. 664, 42 L. Ed. 1088. I take it that, since that act, it is not disputed that if the ordinance in question was enacted in the exercise of the police power of the city of Mobile, it would not be in conflict with the interstate commerce provision of the Constitution. But it is claimed that the said ordinance was passed not for the purpose of regulation, but of revenue.

If revenue only was designed, it was not a police regulation. "It is doubtless true," say the authorities, "that the legislation must have reference to the supervision, control, or regulation of some act or thing which may, in some way, injuriously affect the peace, good order, health, morality, or safety of society." Duluth Brew'g & Malt Co. v. The City of Superior, 123 Fed. 356, 59 C. C. A. 481; Pabst Brew'g Co. v. City of Terre Haute (C. C.) 98 Fed. 330. "As a measure of police regulation, looking to the preservation of public morals, a state law prohibiting the manufacture and sale of intoxicating liquors is not repugnant to any clause in the Constitution of the United States." Bartemeyer v. Iowa, 18 Wall. (U. S.) 133, 21 L. Ed. 929; Beer Co. v. Mass., 97 U. S. 33, 24 L. Ed. 989; Van Hook v. City of Selma, 70 Ala. 363, 45 Am. Rep. 85. "Since the Wilson Act, liquors or liquids shall, upon arrival in a state, fall within the category of domestic articles of a similar nature." In re Rahrer, 140 U. S. 545, 11 Sup. Ct. 865, 35 L. Ed. 572. That act, in effect, provides that such merchandise when transported from one state to another shall lose its character as interstate commerce upon the completion of delivery under the contract of interstate shipment, and before sale in the original packages. Adams Exp. Co. v. Iowa, 196 U. S. 142, 25 Sup. Ct. 185, 49 L. Ed. 424; 17 A. & E. Enc. of Law (2d Ed.) 294. "The purpose of the act referred to was to make liquor after its arrival a domestic product, and to confer power upon the state to deal with it accordingly." Pabst Brew'g Co. v. Crenshaw, 198 U. S. 17, 27, 25 Sup. Ct. 552, 554, 49 L. Ed. 925. "The manifest purpose of the act was to subject original packages to the regulation and restraint imposed by the state laws." Pabst Brew'g Co. v. Crenshaw, supra; Vance v. Vandercook Co., supra. "The police laws of a state do not attach to the liquors brought from another state while in transit nor until the receipt and delivery to the consignee or receiver. From the moment of such receipt or delivery such liquors fall within the police power of the state in the same manner and to the same extent as like liquors of domestic manufacture." Pabst Brew'g Co. v. City of Terre Haute, supra. "The control by appropriate regulations from the time of their delivery belongs to the state as though they were of domestic manufacture. The state possesses plenary power to regulate and control the sale of intoxicating liquors within its territorial limits." Pabst Brew'g Co. v. Terre Haute, supra; Van Hook v. Selma, supra.

There can be no doubt that upon its arrival in this city and delivery to the complainants the beer purchased by them out of this state was subject to the operation and effect of any ordinance of the city enacted in the exercise of its police powers. The question then is whether the ordinance imposing the license in question in this case was enacted as a police regulation in the exercise of the police powers of the city, or under its power of taxation. "A city, when authorized by its charter, may impose license and business taxes upon natural persons and corporations." 21 A. & E. Encyc. of Law (2d Ed.) 782; Kentz v. Mobile, 120 Ala. 623, 24 South. 952. The City of Mobile is authorized by its charter to assess and collect from all

persons and corporations, trading or carrying on any business or trade in the city, a license tax. Charter of Mobile, § 43. "A very usual method of exercising the police power in the regulation of business enterprises is by the requiring of licenses for engaging in certain lines of business." 22 A. & E. Enc. of Law (2d Ed.) 935; Humes v. City of Ft. Smith (C. C.) 93 Fed. 857. "License laws are regarded as police regulations." Troll v. Hudson, 78 Mo. 302; Pabst Brew'g Co. v. Crenshaw (C. C.) 120 Fed. 144; City of Little Rock v. Barton, 33 Ark. 443; State v. Ludington, 33 Wis. 107. "The power to license should be used only for regulation." Laundry License Cases (D. C.) 22 Fed. 701; Van Hook v. Selma, Supra. The right here conferred is authority to license, and the power for the purpose of revenue is not thereby inferred. "It is, indeed, excluded by the clearest implication." Van Hook v. Selma, supra.

In the case of the Pabst Brewing Co. v. Terre Haute (C. C.) 98 Fed. 330, cited by complainant's counsel the court held that the law authorizing the imposition of the license in question in that case was not an exercise of the police power of the state, but was purely a revenue measure enacted in the exercise of the power of taxation. The court in its reasoning to sustain its ruling said, among other things: "The ordinance in question contains no provision for any control or regulation of the business of handling, storing or selling beer, and contains no reference to the maintenance of good order or safety of society." "In other words, it seeks simply to make the depot or agency pay a tax for the general revenue of the city without any attempt to control or regulate either the custody or sale of beer."

The ordinance under consideration in that case is very unlike the one here in question. The ordinance we are considering by authority of law imposes a license for carrying on the business of selling beer which, in effect, must more or less control or restrain its sale. As suggested by the court in Duluth Brew'g Co. v. The City of Superior, supra, Bartemeyer v. Iowa, supra, and Beer Company v. Mass. supra, such business is one, which, looking to the preservation of public morals, good order, and the safety of society, should be regulated. If the city of Mobile, under legislative authority, might prohibit outright the sale of liquor because detrimental to public interests or against public morals, as to which there can be no two opinions, the manner of dealing with it is a matter solely addressed to the Legislature. It is a subject-matter peculiarly within the province of the state. Unless it clearly appears upon the face of the ordinance that the purpose of it was to exact a tax, and not to impose a license for regulation, the court should sustain it as being within the police power of the city. If there exists any doubt upon the question it should be resolved in favor of the law being within the police power. Duluth Brew. Co. v. City of Superior, supra; Minn. v. McGillivray, supra. I may add that irrespective of the Wilson act and the question of police regulations hereinabove discussed, I am of opinion that the rule announced in the case of American Steel & Wire Co. v. Speed, 192 U. S. 500, 24 Sup. Ct. 365, 48 L. Ed. 538, would require a deci-

sion here in favor of the city of Mobile. The court there holds that goods brought from another state and not from a foreign country are subject to state taxation after reaching their destination and whilst held in the state for sale in the original packages. Kehrer v. Stewart, 197 U. S. 60, 25 Sup. Ct. 403, 49 L. Ed. 663.

My conclusion is that the motion for an injunction as prayed for should be, and it is hereby, denied, and that the demurrer to the bill should be sustained, and motion to dismiss bill granted. Let a decree be entered accordingly.