SCHMIDT *v*. CITY OF INDIANAPOLIS.

[No. 20,798. Filed March 21, 1907. Rehearing denied June 7, 1907.]

1. MUNICIPAL CORPORATIONS.—*Intoxicating Liquors.—Statutes.—Ordinances.—Motives.*—The act of 1891 (Acts 1891, p. 137, §23, §3794 Burns 1901, permitting any city containing a certain population "to tax, license and regulate distilleries and breweries, and the depots or agencies established in said city of all breweries and distilleries," authorizes a penal ordinance licensing and regulating such breweries, distilleries and depots; and the motives of the council in passing such ordinance are immaterial. p. 635.

2. SAME.—*Ordinances.—Unfair Enforcement.—Pleading.*—If a penal city ordinance can be attacked at all because of unfair enforcement, it is essential that the facts showing a continuous policy of partiality in enforcement be set out in the pleading. p. 636.

3. SAME.—*Ordinances.—Taxation.—Police Power.*—A city ordinance relating to health, morality and security and imposing the payment of a fee to pay the costs occasioned thereby is an exercise of the police power, but where the fee is charged solely for revenue, it is a tax. p. 637.

4. SAME.—*Ordinances.—Taxation.—Police Power.—Occupations.*—Ordinances imposing a license fee upon useful and not harmful occupations are ordinarily a tax; but those imposed upon the liquor traffic and other harmful things which need State regulation, even though they yield more revenue than necessary to carry out their provisions, are a restriction in the exercise of the police power. p. 637.

5. SAME. — *Ordinances. — Statutes. — Intoxicating Liquors.*—An ordinance licensing breweries, distilleries and depots of same, is not invalid because there is a statute regulating same, where the ordinance provides for inspection by the health and fire departments and for the general control of same. p. 638.

6. INTOXICATING LIQUORS.—*Police Power.*—The liquor traffic being necessarily dangerous and destructive, is a fit subject for the exercise of the police power; and the legislature may license, regulate or prohibit same. p. 638.

7. CONSTITUTIONAL LAW. — *Interstate Commerce. — Intoxicating Liquors.—Licenses.—Cities.*—A city ordinance, passed in the exercise of the police power, regulating and licensing breweries, distilleries and depots of same, within such city's jurisdiction, is not invalid as affecting interstate commerce. p. 639.

Schmidt *v.* City of Indianapolis—168 Ind. 631.

8. INTOXICATING LIQUORS.—*License.*—*Excessive.*—*Municipal Corporations.*—A city ordinance imposing a license fee of $1,000 upon breweries, distilleries and depots of same is not invalid because excessive, since the license fee may be regulated so as to discourage the business. p. 640.

9. MUNICIPAL CORPORATIONS.—*Intoxicating Liquors.*—*License.*— *Amount.*—The authority to license the liquor traffic implies the right to fix the fee, and the fixing of such fee by city councils will be disturbed by the courts only where abuse is clearly shown. p. 640. .

10. CONSTITUTIONAL LAW.—*Citizens.*—*Corporations.*—*Privileges.* —A resident agent of a foreign brewing company, arrested for violating a city ordinance imposing a license fee of $1,000 upon the maintenance of a depot by such company, cannot raise the objection that unequal privileges and immunities are granted, since he is a resident of the State and his company cannot claim the rights of a "citizen." p. 641.

11. MUNICIPAL CORPORATIONS. — *Ordinances.* — *Intoxicating Liquors.*—*Licenses.*—*Discrimination.*—A city ordinance imposing a license fee upon all breweries, distilleries and depots of same, is not discriminating, though one section defines the places which shall be considered as depots within the meaning of the ordinance, so as to include foreign breweries shipping beer to resident agents for purposes of local delivery. p. 642.

12. CONSTITUTIONAL LAW. — *Statutes.* — *Construction.*—Statutes, where their constitutionality is in question, will be construed, if possible, so as to sustain them. p. 642.

From Superior Court of Marion County (67,087) ; *Vinson Carter,* Judge.

Prosecution by the City of Indianapolis against Gustav G. Schmidt. From a judgment of conviction, defendant appeals. *Affirmed.*

*Harvey, Pickens, Cox & Kahn,* for appellant.

*Frederick E. Matson* and *Joseph F. Cowern,* for appellee.

MONTGOMERY, C. J.—In the police court of the city of Indianapolis appellant was convicted of violating an ordinance which prohibits the conduct or maintenance within the city of a brewery, or a depot or agency of a brewery, without a license. He appealed from this judgment to the Superior Court of Marion County, wherein he refiled his

answer in two paragraphs. The first paragraph was a general denial, and the second pleaded certain facts affirmatively. The court sustained appellee's demurrer, for want of facts, to the second paragraph of answer, to which decision appellant duly excepted, and thereupon withdrew the general denial, and announced an election to stand upon the sufficiency of the second paragraph, declined to amend or to plead further, and the court adjudged appellant guilty as charged, and assessed a fine of $5 and costs.

The only error assigned is the sustaining of appellee's demurrer to the second paragraph of answer.

The ordinance in question provides (1) that it shall be unlawful for any person, firm, association, company or corporation to establish, conduct or maintain in the city of Indianapolis any brewery, distillery, or depot or agency of any brewery or distillery, without complying with the provisions of the ordinance; (2) that an annual license fee of $1,000 shall be charged and paid for each brewery, distillery, depot or agency so established, conducted or maintained, and on the payment of such a fee a license shall be issued for one year, designating the place where such brewery, distillery, depot or agency is to be established, conducted or maintained; (3) that "any structure or enclosure within said city used by any person, firm or corporation for the receipt and storage of liquors brewed by any brewery without said city and shipped to said city for sale or distribution to wholesale or retail dealers in such liquors shall be considered a depot of a brewery under the provisions of this ordinance, whether such deposit or storage be made by the owner of said brewery, or the agent of such owner, or by a purchaser from said brewery handling said liquors on his own account;" (4) that a register of the name of the receiver, date of issuance and expiration of such licenses, and location of such distillery, brewery, depot or agency shall be kept; (5) that during business hours all such places shall be open to inspection by the police offi-

cials, board of health, and chief of the fire force of the city; (6) that no liquors shall be distilled, brewed or kept containing poisonous or injurious drugs, or other deleterious substances, and all liquors kept at such places shall be subject to examination and tests as to their purity by inspectors of the board of health; (7) that all such places and premises shall be kept clean and free from any unwholesome material or by-product giving off noxious or offensive odors, and requiring immediate removal of any accumulation of such material on notice from the health officers; (8) that such liquors shall be guarded from contact with fire, and making it the duty of the fire chief to see that the storage of such liquors is not subject to danger from fire; (9) that it shall be unlawful to allow minors to congregate on the premises of any such brewery, distillery, depot or agency; (10) that it shall be unlawful to sell in less quantity than a quart or to give away any liquors to be drank upon any such premises; (11) that a penalty not exceeding $100 per day for a violation of any provision of the ordinance may be assessed; (12) that all conflicting ordinances be repealed; (13) that the ordinance take effect from and after its passage and publication.

The second paragraph of answer set out verbatim the ordinance upon which the prosecution was founded, exhibited the manner in which it was amended at the time of its adoption, alleged that the Pabst Brewing Company is a corporation organized under the laws of Wisconsin and engaged in the manufacture of beer at Milwaukee, and for more than ten years has been engaged in selling the same in Indiana and other states, described the manner in which it is enclosed in casks, barrels and bottles, transported and stored; that it is pure, prepared for shipment under the supervision of competent scientists, sold at wholesale only in original packages to dealers and consumers, and that none is sold on Sunday or sold or given away to minors or to persons in the habit of becoming intoxicated or to be

drank upon the premises where sold; that the premises are kept clean and free from unwholesome substances and noxious odors, and minors are not allowed to congregate in the vicinity thereof; that there is no more danger of fire or explosion from the storage of such beer than from the storage of other merchandise; that appellant is the special agent of the Pabst Brewing Company and charged with the duty of receiving, storing, and caring for shipments of beer at Indianapolis, and selling the same in said city and surrounding territory; that the ordinance discriminates in favor of persons who may handle and deal in beer brewed in the city of Indianapolis, and also in favor of distilleries and against breweries; that it grants to citizens of Indianapolis privileges and immunities which, upon the same terms, are withheld from citizens outside of said city, in violation of §23, article 1, of the Constitution of Indiana; that it denies to citizens of other states privileges and immunities granted to citizens of Indiana; that it levies a tax upon commerce between the states in violation of §8, article 1, of the Constitution of the United States; that the license fee charged is excessive; that three other brewing companies are located within the city of Indianapolis, and engaged in the manufacture and sale of beer in competition with the Pabst Brewing Company; that other persons within the city are engaged in buying beer from breweries and selling the same in like manner as appellant, from whom no license is required; that the object of the ordinance is not police regulation, but to oppress and discriminate against the business of breweries located outside of the city, and the same is so enforced as to favor the business of breweries located within the city of Indianapolis.

The charter of the city of Indianapolis empowers its common council to enact an ordinance "to tax, license and regulate distilleries and breweries, and the depots

1. or agencies established in said city of all breweries and distilleries." §3794 Burns 1901, Acts 1891,

p. 137, §23. The ordinance was enacted in pursuance of this statute, and its subject-matter was plainly within the authority expressly granted. Under such circumstances the motives and purposes inducing the passage of the ordinance are irrelevant, and courts will not inquire into or consider a charge of an improper or sinister purpose on the part of members of the common council in the adoption of such ordinance. The allegations of the answer concerning the purpose of the council in the passage of the ordinance must be disregarded. *Downey* v. *State, ex rel.* (1903), 160 Ind. 578; *Coverdale* v. *Edwards* (1900), 155 Ind. 374; *Lilly* v. *City of Indianapolis* (1898), 149 Ind. 648; *Buell* v. *Ball* (1866), 20 Iowa 282; *Freeport* v. *Marks* (1868), 59 Pa. St. 253; 26 Am. and Eng. Ency. Law (2d ed.), 569.

The charge that the ordinance at a given time was unfairly enforced is too general to present any question. No facts were alleged upon which to rest the conclusion of the pleader that the ordinance is so enforced as to favor the business of breweries located within the city. Without intimating that the validity of a penal ordinance may be assailed on the ground of partiality in its enforcement, we hold that in the absence of facts pleaded showing a fixed and continuous policy of unjust discrimination on the part of the municipality we will not enter upon a consideration of the question suggested. The general purpose of the ordinance is manifest from its terms and from the charter provisions quoted, and the question for determination is whether this enactment for the achievement of that purpose violates the fundamental law.

Appellant's counsel contend that this is a taxing ordinance, and that the police regulations were embodied as a mere cloak to conceal its true character and object.

We are required at the threshold to decide whether the sum exacted by this ordinance is a license fee imposed

under the police power, or a tax for revenue. Ordi-
3. nances enacted in relation to the comfort, health,
convenience, good order, morality, security and
general welfare of the inhabitants are comprehensively
known as police regulations. Where a fee is imposed for
the purpose of such regulation and the ordinance requires
compliance with prescribed conditions in addition to the
payment of the fee, such sum is a license proper, imposed
by virtue of the police power; but where the fee is imposed
solely for revenue purposes, and payment thereof gives the
right to carry on the business without the performance of
any further conditions, it is a tax. 21 Am. and Eng.
Ency. Law (2d ed.), 774, and cases cited. Where a
municipal regulation is adopted, which would be lawful if
intended for one purpose, and unlawful if for another, the
presumption is that the purpose was lawful, unless the con-
trary clearly appears. *Johnson* v. *Philadelphia* (1869),
60 Pa. St. 445; *Lansdowne Borough* v. *Springfield Water
Co.* (1901), 16 Pa. Super. Ct. 490; *Robson* v. *Doyle*
(1901), 191 Ill. 566, 61 N. E. 435; *Harmon* v. *City of
Chicago* (1892), 140 Ill. 398, 29 N. E. 732; *Ivey* v. *State*
(1900), 112 Ga. 175, 37 S. E. 398; *State, ex rel.,* v. *Capde-
vielle* (1901), 104 La. 561, 29 South. 215.

In general it may be said that license fees imposed upon
useful occupations, not hurtful or pernicious to society, and
not calling for regulation by the sovereign power,
4. are in fact taxes, exacted under the revenue power;
while licenses imposed on the liquor traffic and such
other occupations as call for regulation by the State are
none the less licenses proper because they yield a revenue
in excess of that required for the purpose of regulation.
This distinction makes much of the argument of appel-
lant's counsel inapplicable, and the propositions upon which
they insist untenable. Presuming, as we must, that the
common council in the enactment of this ordinance acted
within its authority and in good faith, we are unable to say,

upon the facts well pleaded in the answer and admitted to be true by the demurrer, that the ordinance is a revenue measure in the guise of a police regulation.

It is argued that the regulating provisions of the ordinance are all covered by statutes and are accordingly void; but with this contention we cannot agree. The 5. maintenance of offensive things in or near a public place, to the annoyance of the inhabitants, constituted a nuisance at common law, and the substance of the common-law definition of a nuisance has been embodied in the statute law of this State; and yet the common council of appellee has power to declare what shall constitute a nuisance, and to prevent, abate and remove the same. The specific duties imposed by this ordinance upon the police, health officers and fire chief, and the prohibition against allowing minors to congregate upon or about the premises, are not found in the statutes. The evils which attend and inhere in the business of handling and selling in- 6. toxicating liquors are universally recognized, and the danger therefrom to the peace and good order of the community, everywhere necessitates the exercise of the police power. The theory of the legislation upon this subject is, that the business is one which requires restraint because it is harmful to society, and the license fee is exacted for the purpose of restraining the business. This necessity for regulation and restriction in the interests of peace and good order and for the promotion of public morals, as already said, distinguishes the liquor business from useful and harmless occupations. It is well settled that the legislative power to deal with this subject, whether it be to license, regulate, restrain or prohibit the sale of such liquors is unlimited. All such restrictive measures, taken either by the State or by virtue of authority delegated to municipalities, are upheld as a proper exercise of the police power. 17 Am. and Eng. Ency. Law (2d ed.), 223, and cases cited, note 2.

In the case of the *City of Indianapolis* v. *Bieler* (1894), 138 Ind. 30, this court held a license ordinance very similar to the one in suit, but without any of the regulating provisions of the present act, not to be an attempted exercise of the taxing power, but a valid exercise of the police power expressly granted to the city by the legislature. See, also, *Jordan* v. *City of Evansville* (1904), 163 Ind. 512, 515, 67 L. R. A. 613; *Boomershine* v. *Uline* (1902), 159 Ind. 501, 503; *State* v. *Gerhardt* (1896), 145 Ind. 439, 462, 33 L. R. A. 313; *Emerich* v. *City of Indianapolis* (1889), 118 Ind. 279; *Gambill* v. *Endrich Bros.* (1904), 143 Ala. 506, 39 South. 297.

In the case of *Pabst Brewing Co.* v. *City of Terre Haute* (1899), 98 Fed. 330, the United States Circuit Court for the District of Indiana held an ordinance similar to the one involved in the case of *City of Indianapolis* v. *Bieler, supra,* to have been enacted under the taxing power, and not under the police power of the State. The provisions in the present ordinance for the control, regulation, and supervision of such breweries, distilleries, depots, and agencies are sufficient to distinguish this from the case of *Pabst Brewing Co.* v. *City of Terre Haute, supra,* and to make that case an authority for our conclusion, that the ordinance under consideration was passed in the proper exercise of the police power of the city.

The conclusion already announced—that this is to be classed as a police regulation and not a revenue measure— disposes of the contention that it is an unlawful interference with interstate commerce, in violation of the Constitution of the United States. By an act, approved August 8, 1890, congress expressly subjected intoxicating liquors, when transported as articles of interstate commerce and delivered to the consignee, to the police regulations of the several states and territories. 26 Statutes (U. S.), p. 313, ch. 728; *City of Indianapolis* v. *Bieler, supra; Pabst Brewing Co.* v. *City of Terre Haute, supra;*

*Pabst Brewing Co.* v. *Crenshaw* (1905), 198 U. S. 17, 28, 25 Sup. Ct. 552, 49 L. Ed. 925; *Foppiano* v. *Speed* (1905), 199 U. S. 501, 516, 26 Sup. Ct. 138, 50 L. Ed. 288; *In re Rahrer* (1891), 140 U. S. 545, 11 Sup. Ct. 865, 35 L. Ed. 572.

It is insisted that as a license fee the charge of $1,000 is excessive. It is true that as a general principle the amount which may be exacted for a license proper

8. under the police power must be limited and reasonably measured by the cost of the issuance of the license and of the regulation and inspection for which provision is made, while a wider latitude is allowed in imposing a special tax upon a particular occupation or business as a source of revenue. The general doctrine properly applies only to useful occupations which, being not detrimental to the public, cannot be unduly restricted or substantially prohibited under the guise of a police regulation. The courts now quite generally recognize that as to those lines of business which are hurtful to public morals, productive of disorder, or injurious to the public, but nevertheless tolerated, the police power may be rightfully exercised in the levy of such a license tax as will limit and discourage the business. Gray, Limitations of Taxing Power, §1452; Tiedeman, Limitations of Police Power, pp. 273, 277, 278; 2 Cooley, Taxation (3d ed.), pp. 1142, 1143; *Meyer, Jossen & Co.* v. *City of Mobile* (1906), 147 Fed. 843; *Duluth Brewing, etc., Co.* v. *City of Superior* (1903), 123 Fed. 353, 59 C. C. A. 481; *Bartemeyer* v. *Iowa* (1873), 18 Wall. 129, 21 L. Ed. 929; *Boston Beer Co.* v. *Massachusetts* (1877), 97 U. S. 25, 24 L. Ed. 989; *State, ex rel.,* v. *Hudson* (1883), 78 Mo. 302, 305.

The power and authority to license necessarily implies the right to fix the amount of the license fee. *City of Portland* v. *Schmidt* (1885), 13 Ore. 17, 6 Pac. 221.

9. The power to license and to fix the fee to be charged being lodged in the municipality, the amount to be

exacted is not strictly a judicial question, and the action of the municipal body in fixing the license fee will be disturbed only in case of a manifest abuse of its power. *Matter of Guerrero* (1886), 69 Cal. 95, 10 Pac. 261; *Dennehy* v. *City of Chicago* (1887), 120 Ill. 627, 12 N. E. 227; *Spiegler* v. *City of Chicago* (1905), 216 Ill. 114, 131, 74 N. E. 718.

The allegations of the answer showing the cleanliness of the premises, purity of the goods, and freedom from danger of fire, are of no weight in determining the question before us. In the light of these controlling principles we cannot judicially know or say that the amount of the license exacted of appellant in this case was unreasonable or excessive. The contrary is presumptively true. *City of Indianapolis* v. *Bieler, supra; Jordan* v. *City of Evansville, supra;* 2 Cooley, Taxation (3d ed.), p. 1143; *Meyer, Jossen & Co.* v. *City of Mobile, supra; Van Hook* v. *City of Selma* (1881), 70 Ala. 361, 45 Am. Rep. 85; *Kittanning Borough* v. *Kittanning, etc., Gas Co.* (1904), 26 Pa. Super. Ct. 355, 362; *Brown* v. *City of Galveston* (1903), 97 Tex. 1, 75 S. W. 488, 496.

It is further claimed that section three of the ordinance is void, for the reason that it discriminates in favor of persons who may handle and deal in beer brewed in the city of Indianapolis, and in favor of distilleries as against breweries, and grants to citizens of Indianapolis privileges and immunities which upon the same terms are withheld to citizens residing outside of said city, and denies to citizens of other states privileges and immunities granted to citizens of Indiana. Appellant is not in a position to raise and present the last objection, since he is not shown by the record to be a citizen of another state, and the constitutional provision invoked does not apply to the Pabst Brewing Company, a corporation. *Pembina Mining Co.* v. *Pennsylvania* (1888), 125 U. S. 181, 8 Sup. Ct. 737, 31 L. Ed. 650.

The provisions of the city charter, and of the first and second sections of the ordinance, are general in character, and subject alike to license and regulation every brewery, distillery, depot and agency of any brewery or distillery within the city, and are wholly free from any charge of discrimination. The objections under immediate consideration are directed solely to section three of the ordinance. In our opinion this section is merely in aid, and in a measure explanatory, of the preceding sections, and is not to be construed as exclusive in character and as containing an exhaustive definition of the subjects to be licensed. We may assume that at the time of the passage of the ordinance certain places were maintained within the city, for the storage and distribution of beer brewed without the city, some of which were conducted by the owners of such liquors, and others by agents, and that to facilitate the interpretation and enforcement of the ordinance this section was drafted, providing that all such places, without regard to proprietorship, should be included within the purview of the ordinance and regarded as depots of a brewery. This construction seems to us reasonable, gives the ordinance a general and uniform application to all places within the contemplation of the statute, and upholds its validity. Municipal legislation is to be construed and interpreted by the same rules as statutes are construed. It is the duty and the uniform rule of this court, when the constitutionality of a statute is under consideration, so to construe and interpret its provisions, if possible, as to sustain and not defeat the act in question. *Hovey* v. *State, ex rel.* (1889), 119 Ind. 395, 399; *McComas* v. *Krug* (1882), 81 Ind. 327, 332, 42 Am. Rep. 135, and cases cited; 8 Cyc. Law and Proc., 801.

It is our conclusion, therefore, that the ordinance as a whole makes no discriminations, is not subject to the constitutional objections urged against it, and is valid. Appellant was not charged with a violation of any of the regula-

tive sections of the ordinance, other than the one requiring a license, and the conclusion reached renders it unnecessary to determine whether any of such regulative sections may be void for the reason that the same subject-matter is covered by a penal statute. It follows that the second paragraph of answer was insufficient, and the demurrer thereto was rightly sustained.

The judgment is affirmed.